IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 08-411-23 |
| | ) |
| DOMINIQUE STEELE | ) |

MEMORANDUM AND ORDER OF COURT

Presently before the court is defendant Dominique Steele's Objection to Co-Defendant's Motion to Continue Trial in the above-captioned case (Document No. 1477). For the following reasons, Steele's objection will be overruled.

On February 12, 2010, a grand jury returned a 37-count superseding indictment against 27 defendants charging, inter alia, a RICO conspiracy. Steele was charged at Count 2 with being a member of the RICO conspiracy, at Count 26 with assault with a dangerous weapon in aid of racketeering activity, and at Count 27 with using and carrying a firearm during and in relation to a crime of violence.

Steele had his initial appearance and arraignment on March 22, 2010, at which time he waived his right to a detention hearing and was ordered to be detained. After requesting numerous motions for extension of time to file pretrial motions which this court granted in accordance with the Speedy Trial Act, 18 U.S.C. §3161, Steele and the other co-defendants in this case filed

approximately 230 pretrial motions. A pretrial motions hearing is scheduled for April 26, 2011, and jury selection and trial had been scheduled to commence on May 9, 2011.

On March 14, 2011, co-defendant Vance Pearson filed a motion to continue the trial because his attorney is scheduled to begin trial in another criminal case on May 9, 2011. Co-defendant Pearson requested that the trial be continued for 120 days to allow his attorney adequate time to prepare. This court ordered that any co-defendant who had an objection to the requested trial continuance set forth his position in writing by March 18, 2011. Steele was the only defendant in the case who objected to Pearson's request for a continuance of the trial.

By order dated March 22, 2011, this court granted defendant Pearson's motion to continue and rescheduled trial to commence on September 12, 2011. See Document No. 1480. The order further stated that Steele's objection to the trial continuance was overruled for reasons that would be set forth in a separate order. Accordingly, this memorandum addresses Steele's objection, in which he asserts his constitutional right to a speedy trial under the Sixth Amendment.[1] For the reasons set forth herein, Steele's Sixth Amendment right to a speedy trial is not violated by the

---

[1] Steele has not asserted any violation of his statutory speedy trial right under the Speedy Trial Act, 18 U.S.C. §3161, and the record makes clear that there is no basis for any such claim.

2

granting of codefendant Pearson's motion to continue the trial.

The Sixth Amendment right to a speedy trial is designed to protect an individual from the deprivation of his personal liberty from the time he is arrested or criminally charged through to sentencing. Washington v. Sobina, 475 F.3d 162, 165 (3d Cir. 2007). The Supreme Court in Barker v. Wingo, 407 U.S. 514, 530 (1972), established a four-factor test for evaluating a Sixth Amendment speedy trial claim: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant.

The first factor, length of the delay, is a triggering mechanism:

> Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from "presumptively prejudicial" delay, since, by definition, he cannot complain that the government has denied him a "speedy" trial if it has, in fact, prosecuted his case with customary promptness.

Doggett v. United States, 505 U.S. 647, 651-52 (1992). "Presumptive prejudice" when used in this context simply "marks the point at which courts deem the delay unreasonable enough to trigger the Barker enquiry." Id. at 652, n.1. The "presumptively prejudicial" delay point is generally found as it approaches one year. Id.

In this case, the superseding indictment was filed on February 12, 2010, Steele was arraigned and an order of detention

3

was entered on March 22, 2010, and trial is scheduled to commence on September 12, 2011. The 19-month period of delay from the filing of the superseding indictment to the scheduled trial date triggers an analysis of the Barker factors.

First, with respect to length of the delay, the Supreme Court has recognized that "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." Barker, 407 U.S. at 531. In this case, Steele and his 26 codefendants are charged in a complex RICO conspiracy case. The government has provided voluminous discovery involving thousands of recorded jail conversations, which have been transcribed for the defendants and their counsel to review. In addition, the defendants have filed approximately 230 pretrial motions. In a scenario such as this, a 19-month delay from the filing of the charges against Steele until the trial date is not excessive in light of the complex nature of this multi-defendant case. See, e.g., Hakeem v. Beyer, 990 F.2d 750 (3d Cir. 1993) (pretrial incarceration of 14½ months does not demonstrate per se oppressive pretrial delay); Government of Virgin Islands v. Pemberton, 813 F.2d 626 (3d Cir. 1987)(delay of 16 months did not violate Sixth Amendment right to speedy trial); United States v. King, 483 F.3d 969, 976 (9th Cir. 2007) (delay of nearly two years was not excessive in extraordinarily complex case); United States v. Bass, 460 F.3d 830, 837 (6th Cir. 2006) (delay of five years did

4

not violate the defendant's Sixth Amendment speedy trial right where case was complex and involved 17 defendants).

The next factor, reason for the delay, also weighs against finding a Sixth Amendment violation. As stated, the charges in this case are complex and involve multiple defendants. It is reasonable to conclude that this case will require significant preparation by counsel to effectively represent any defendant who proceeds to trial. The continuance of the trial from May 9, 2011, until September 12, 2011, requested by co-defendant Pearson and granted by this court will allow each defendant sufficient time to confer with his counsel to prepare his defense, interview witnesses, complete investigative work, review extensive discovery materials, prepare requested voir dire and proposed points for charge, and assess the need to present in limine motions. The charges in this case are serious and carry significant penalties, therefore it is crucial that the defendants have adequate time to prepare a proper defense. Thus, the reason for the delay in this complex, multi-defendant case is more than justified, and weighs against finding a violation of Steele's constitutional right to a speedy trial. See, e.g., United States v. Brown, 498 F.3d 523, 531 (6th Cir. 2007) (delays due to complex case involving multiple defendants support finding that no Sixth Amendment violation occurred); United States v. Fuller, 2009 WL 22886, at *3 (7th Cir. 2009) (delays attributable to the joining of co-defendants and

AO 72
(Rev. 8/82)

continuances sought by those co-defendants support finding of no Sixth Amendment violation).

The third factor to consider is whether the defendant has asserted his right to a speedy trial. Steele has done so by the filing of his objection. However, the other factors the court must consider weigh heavily toward the conclusion that there is no Sixth Amendment violation.

The final Barker factor is prejudice to the defendant. There are three types of prejudice that can result from a pretrial delay: (1) oppressive pretrial incarceration; (2) the accused's anxiety and concern over the outcome of the litigation; and (3) impairment of the defense. Barker, 407 U.S. at 532. "With respect to all its various types, the burden of showing prejudice lies with the individual claiming the violation...." Hakeem, 990 F.2d at 760. Here, Steele has not sustained his burden of showing that he is prejudiced by continuing the trial.

With respect to prejudice, Steele cites the length of his pretrial incarceration and claims it would be oppressive if trial is continued until September 2011. Steele cannot prevail on that basis. As already explained, a 19-month delay from the filing of charges to the commencement of trial is not unreasonable in a complex, multi-defendant case. Further, Steele has not alleged that he is prejudiced by anxiety and concern over the outcome of his case and, in any event, vague allegations of anxiety are

6

insufficient. Hakeem, 990 F.2d at 762. Finally, and most significant to the prejudice analysis, Steele has not alleged that his defense will be impaired because trial has been rescheduled to commence on September 12, 2011. If anything, the additional time will afford Steele the opportunity to better prepare his defense.

On balance, the Barker factors show no violation of Steele's Sixth Amendment right to a speedy trial. For that reason, Steele's objection to codefendant Pearson's motion to continue the trial in this case is overruled.

An appropriate order follows.

ORDER OF COURT

AND NOW, this 24th day of March, 2011, for the reasons set forth in the Memorandum above, IT IS ORDERED that defendant Dominique Steele's Objection to Co-Defendant's Motion to Continue Trial (Document No. 1477) be, and the same hereby is, overruled.

                                         s/ Gustave Diamond
                                         Gustave Diamond
                                         United States District Judge

cc: All counsel of record

AO 72
(Rev. 8/82)