IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 08-411-23 |
| | ) | |
| DOMINIQUE STEELE | ) | |

<u>MEMORANDUM AND ORDER OF COURT</u>

Presently before the court is defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) (Document No. 2540), to which the government has filed a response in opposition. For the following reasons, defendant's motion will be granted.

Defendant was sentenced on December 14, 2011, to a total term of 180 months imprisonment following his guilty plea to a RICO conspiracy (Count 2 of the superseding indictment) and using and carrying a firearm during and in relation to a crime of violence (Count 27). Prior to sentencing, defendant's offense level at Count 2 was calculated based on the underlying racketeering activity of distribution of heroin. Defendant was responsible for at least 100 grams but less than 400 grams of heroin, which at that time corresponded to a base offense level of 26 under U.S.S.G. §2D1.1. With a 3-point adjustment for acceptance of responsibility, defendant's total offense level at Count 2 was 23, and his criminal history category was III, which resulted in an advisory guideline range of 57 to 71 months. The court accepted the parties' plea agreement under Fed.R.Crim.P. 11(c)(1)(C) and sentenced defendant to 60 months imprisonment at Count 2 and 120 months at Count 27[1] to be served consecutively, for a total term of 180 months imprisonment.

---

[1] By statute, the mandatory term of imprisonment for defendant's violation of 18 U.S.C. §924(c)(1)(A)(iii) is 10 years, which must be served consecutively to any other term of imprisonment that is imposed. <u>See</u> 18 U.S.C. §924(c)(1)(D)(ii).

Effective November 1, 2014, Amendment 782 to the United States Sentencing Guidelines amended § 2D1.1 to decrease base offense levels for drug offenses by 2 levels. The United States Sentencing Commission determined that Amendment 782 applies retroactively to offenders who are serving terms of imprisonment. Pursuant to Amendment 782 and 18 U.S.C. §3582(c),[2] defendant requests that the court reduce his sentence at Count 2 to 46 months to run consecutive to the mandatory 120-month term of imprisonment at Count 27, for a total term of 166 months imprisonment.

In determining a defendant's eligibility for a sentence modification under 18 U.S.C. §3582(c), and the extent of any authorized reduction, the court is required to follow the instructions set forth in U.S.S.G. §1B1.10. See Dillon v. United States, 560 U.S. 817 (2010). Specifically, we must follow a two-step process: (1) determine the amended guideline range that would have been applicable to the defendant had the amendment been in effect at the time of the initial sentencing; and (2) consider any applicable §3553(a) factors[3] and determine whether an authorized reduction is warranted in whole or in part under the particular circumstances of the case. Dillon, 560 U.S. at 827. A defendant is not entitled to a reduced sentence as a matter of right under §3582(c), and this court has the discretion, after considering the §3553(a) factors,

---

[2]Section 3582(c)(2) provides as follows:
> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

[3]In determining a particular sentence, 18 U.S.C. §3553(a) requires the court to consider a number of factors, including, inter alia, the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant and to avoid unwarranted sentence disparities among similarly situated defendants.

to determine whether a reduction is appropriate in a given case. See U.S.S.G. §1B1.10, Background.

In accordance with Dillon, we first must determine the amended advisory guideline range that would have been applicable to defendant had Amendment 782 been in effect when he originally was sentenced. Under the amended guideline, defendant's base offense level at Count 2 is reduced from 26 to 24, and with a 3-point adjustment for acceptance of responsibility, the total offense level is reduced from 23 to 21. With a total offense level of 21 and a criminal history category of III, defendant's amended advisory guideline range is 46 to 57 months.

Dillon next requires the court to determine whether a reduction is warranted in whole or in part under the circumstances of this case. Here, defendant argues that a reduction of sentence to 46 months at Count 2 is warranted. While conceding that defendant is eligible for the 2-level reduction in his offense level at Count 2, the government nevertheless opposes any reduction in defendant's sentence because of his "knowing, voluntary, and violent participation in the drug conspiracy charged" and the danger any earlier release would pose to the community. In addition, the government argues that defendant's violent conduct underlying the charge in Count 27, which involved shooting at another individual, refusing to submit to police authority and attempting to escape apprehension, along with his past firearm possession and violent activities associated with the RICO conspiracy, establish that his early release from imprisonment poses a danger to society, thus his original sentence remains appropriate.

Defendant acknowledges that his conduct with respect to the firearm charge is serious, but argues it does not warrant denying his motion. Defendant emphasizes that he was only 18 years old at the time of the offense, and he has made positive strides while incarcerated. In that

regard, defendant has submitted records indicating he has earned his GED and he has undergone vocational training which has enabled him to work as a welder for the past three years. Defendant maintains that his actions as a teenager do not establish that he poses a public safety risk today, particularly in light of the fact that his conduct while incarcerated shows he is capable of improving himself and leading a law-abiding life.

While defendant is not entitled as a matter of right to a reduced sentence on the drug charge underlying the RICO conspiracy, the court in its discretion finds that a reduced sentence of 46 months at Count 2 is appropriate in this case. In imposing this amended sentence, the court has considered the factors set forth in 18 U.S.C. §3553(a), as well as those recognized in the Application Notes to U.S.S.G. §1B1.10. In particular, although defendant's past conduct was serious, he is subject to a substantial sentence for the conduct associated with the firearm charge at Count 27, which he is serving consecutively to the reduced sentence of 46 months for the drug offense underlying the RICO conspiracy charge at Count 2. Defendant's total amended sentence of 166 months imprisonment is a lengthy and substantial sentence to punish conduct defendant engaged in at age 18. The court believes a total sentence of 166 months imprisonment militates against the public safety concern raised by the government. See U.S.S.G. §1B1.10, Application Note 1(B)(ii) (requiring consideration of the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment).

In addition, as authorized by Application Note 1(B)(iii) to §1B1.10, the court also has considered defendant's post-sentencing conduct while incarcerated as outlined in his motion and exhibits attached thereto. Based on defendant's submission, he appears to have taken advantage of the opportunities presented to him while incarcerated, including obtaining his GED and

learning a trade that will allow him to work as a productive member of society upon his release from incarceration. The court believes that defendant's post-sentencing conduct is a significant factor warranting a sentence reduction in this case.

For the foregoing reasons, the court finds that a sentence reduction at Count 2 to 46 months imprisonment to be served consecutive to the 120 month term of imprisonment at Count 27, for a total term of 166 months imprisonment, accurately reflects the nature and seriousness of defendant's crime and is sufficient, but not greater than necessary, to comply with the purposes of sentencing set forth in 18 U.S.C. §3553(a).

An appropriate order will follow.

ORDER

AND NOW, this 8th day of February, 2016, for the reasons stated in the Memorandum above, IT IS ORDERED that defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) (Document No. 2540) be, and the same hereby is, granted. Defendant's term of imprisonment at Count 2 of the superseding indictment is reduced to 46 months to be served consecutive to the 120-month term of imprisonment at Count 27, for a total term of 166 months imprisonment, but in no event less than time served as of November 1, 2015, effective November 1, 2015. All other terms of the Judgment originally imposed upon defendant on December 14, 2011, remain in effect.

Gustave Diamond
United States District Judge

cc: Troy Rivetti
Cindy K. Chung
Assistant U.S. Attorneys

Michael J. Novara
Samantha Stern
Assistant Federal Public Defenders