IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DOMINIQUE STEELE, | ) | |
| | ) | |
| Petitioner, | ) | Criminal Action No. 08-411 |
| | ) | (Related to Civil Action No. 18-597) |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

On April 17, 2018, Dominque Steele mailed a handwritten document to the Court, which was docketed by the Clerk of Court as a Motion to Vacate under 28 U.S.C. § 2255 on May 7, 2018. The document states in its entirety:

> Dear Clerk of Court
>
> I was convicted and enhanced under 924(c)[.] Am I entitled to [t]he decision in United States [v]. Dimaya[?] Thank you for ya [sic] time[.]
>
> Dominique Steele 31341-068
> Docket number 08-411-23

(Doc. 2738.) As this filing is not in the form of a motion and does request any form of relief, the Court construes this document as correspondence with the Court rather than as a motion under 28 U.S.C. § 2255.[1]

---

[1] The Court need not send Petitioner a notice of elections under <u>United States v. Miller</u>, 197 F.3d 644, 652 (3d Cir. 1999), because there is no indication that the filing, which seeks no relief, is a potential § 2255 motion. <u>Cf.</u> <u>United States v. Delgado</u>, 363 Fed. App'x 853, 854 (3d Cir. 2010) (petitioner's intention to seek relief triggers <u>Miller</u> notice). Out of an abundance of caution, the Court explains to Petitioner that, if Petitioner files a motion seeking post-conviction relief, the Court will issue a notice advising Petitioner that he can: "(1) have his motion ruled upon as filed; (2) if his motion is not styled as a § 2255 motion have his motion recharacterized as a § 2255 motion and heard as such, but lose his ability to file a second or successive petitions absent

To the extent that Petitioner intended this filing to constitute a motion for a reduced sentence based on Sessions v. Dimaya, 138 S. Ct. 1204 (2018), it would be denied. The relevant sentence relates to Petitioner's conviction under 18 U.S.C. § 924(c)(1)(A)(iii) for using and carrying a firearm during a crime of violence. The predicate crime of violence was the offense listed in Count 26 of the Superseding Indictment. (Transcript of Change of Plea Proceedings 10, Doc. 2269.) Specifically, the offense at Count 26 is a violation of 18 U.S.C. § 1959(a)(3) for assault with a dangerous weapon in aid of racketeering activity. (Superseding Indictment 78, Doc. 60.) This offense has as an element "assault with a dangerous weapon or assault resulting in serious bodily injury." 18 U.S.C. § 1959(a)(3). As a result, this offense is a crime of violence by virtue of 18 U.S.C. § 924(c)(3)(A), which defines a crime of violence for relevant purposes as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Cf., e.g., United States v. Robinson, 844 F.3d 137, 141 (3d Cir. 2016) (applying 18 U.S.C. § 924(c)(3)(A) to categorize armed robbery as a predicate crime of violence for a firearm offense under 18 U.S.C. § 924(c)).

In Johnson v. United States, 135 S. Ct. 2551 (2015), and in Dimaya, the Supreme Court held that the "residual clauses" of two federal laws' definitions of "violent felony" and "aggravated felony," respectively, were unconstitutionally vague. In both cases, the Supreme Court addressed clauses that called for courts to make uncertain estimates of the risks posed by hypothetical crimes and then apply an unclear threshold for the requisite severity of those risks. In neither case did the Supreme Court question the validity of the "elements clauses" of the relevant federal laws, which do not raise the same concerns ("elements clauses" list specific

---

certification by the court of appeals; or (3) withdraw his motion and file one all-inclusive § 2255 petition within the one-year statutory period prescribed . . . in § 2255." Miller, 197 F.3d at 646.

statutory elements that a federal law providing an offense must contain in order for an underlying offense to qualify). Accordingly, there is no reason to believe that the holdings of Johnson and Dimaya apply to the elements clause of 18 U.S.C. § 924(c)(3), under which Petitioner's crime qualifies as a crime of violence.

The docket reflects that Petitioner is still represented by counsel. The Court notes that communications between represented parties and the Court generally must be made through counsel. See generally U.S. v. D'Amario, 2009 WL 1154218, *1 (3d Cir. Apr. 30, 2009) ("There is no constitutional right to hybrid representation," and "a district court is not obligated to consider pro se motions by represented litigants.") (citations omitted). For this reason, Petitioner's correspondence and this Order will be forwarded to Petitioner's counsel of record, Michael J. Novara and Stephen Capone.

IT IS SO ORDERED.

May 10, 2018                          s\Cathy Bissoon
                                      Cathy Bissoon
                                      United States District Judge

cc (via email notification):

All counsel of record

cc (via First-Class U.S. Mail):

**Dominique Steele**
USMS 31341-068
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

**Michael J. Novara**
Federal Public Defender's Office

1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222-3716

**Stephen F. Capone**
210 Grant Street, Suite 300
Pittsburgh, PA 15219-2116